## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACCESS WORLD (USA) LLC, | CIVIL DOCKET NO. 24-cv-00643 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| BEEMAC, INC., | |
| and | |
| MAGIC FREIGHT, INC., | |
| Defendants. | |

### THIRD-PARTY DEFENDANT'S ANSWER,
### AFFIRMATIVE DEFENSES AND COUNTERCLAIM

AND NOW, comes Third-Party Defendant Magic Freight, Inc. ("Magic Freight"), by and through undersigned counsel, and files the following Answer, Affirmative Defenses and Counterclaim to Third-Party Plaintiff Beemac, Inc.'s, ("Beemac") Third-Party Complaint:

### ANSWER TO COMPLAINT

1.      Admitted.

2.      Admitted.

3.      Admitted in part and denied in part. Magic Freight admits that it engages in the business of transporting cargo. Magic Freight admits further that it is an Indiana business corporation. However, Magic Freight maintains its principal place of business at 8085 Randolph Street, Unit 3, Suite E, Hobart, Indiana 46342.

4.      Admitted.

### JURISDICTION AND VENUE

5.      Plaintiff Access World (USA) LLC's ("Access World") Complaint and Third-Party Complaints, as well as Beemac's Answer to said Complaint, being in writing, speak for themselves. Any remaining allegations of Paragraph 5 of the Third-Party Complaint are denied.

6.      The allegations of Paragraph 6 of the Third-Party Complaint contain conclusions of law to which no responsive pleading is required.

7.      The allegations of Paragraph 7 of the Third-Party Complaint contain conclusions of law to which no responsive pleading is required.

8.      The allegations of Paragraph 8 of the Third-Party Complaint contain conclusions of law to which no responsive pleading is required.

9.      The allegations of Paragraph 9 of the Third-Party Complaint contain conclusions of law to which no responsive pleading is required.

10.     Magic Freight does not challenge venue.

## NATURE OF THE ACTION

11.     Admitted.

12.      Upon information and belief, the allegations of Paragraph 12 of the Third-Party Complaint are admitted.

13.     After reasonable investigation, Magic Freight is without sufficient knowledge or information regarding what Beemac alleges constitutes the "loss" of copper load; accordingly, said allegation is denied. Magic Freight admits that the focal events forming the basis of this suit occurred in the days surrounding May 22, 2023. Any remaining allegations of Paragraph 13 of the Third-Party Complaint are denied.

14.     Denied. Magic Freight denies that it responded to a posting by Beemac Logistics, LLC. To the contrary, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport ("Armstrong Transport"). Magic Freight agreed to transport one load of metal as a double-blind shipment. Magic Freight was later provided an address for pick-up of the load in New Orleans, LA, and for drop-off of the load in Ontario, California. See Exhibit 1. Magic

Freight performed pursuant to the instructions received. Any remaining allegations of Paragraph 14 of the Third-Party Complaint are denied.

15.     Upon information and belief, Magic Freight admits that Independent Contractor and driver Suzana Gligoric ("Gligoric") arrived at the designated pick-up point and confirmed her identity through the presentation of her Driver's License. Magic Freight admits further that the referenced Bill of Lading is one of the documents attached to the Third-Party Complaint as Exhibit 1. Magic Freight admits that a copy of Gligoric's driver's license is also one of the documents attached to the Third-Party Complaint as Exhibit 1. Any remaining allegations of Paragraph 15 of the Third-Party Complaint are denied.

16.     The allegations of Paragraph 16 of the Third-Party Complaint are denied on the basis that the referenced Bill of Lading, being in writing, speaks for itself. By way of further answer, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport ("Armstrong Transport"). Magic Freight agreed to transport one load of metal as a double-blind shipment. Magic Freight was later provided an address for pick-up of the load in New Orleans, LA, and for drop-off of the load in Ontario, California. Magic Freight performed pursuant to the instructions received. Any remaining allegations of Paragraph 16 of the Third-Party Complaint are denied.

17.     Denied as stated. It is admitted that Magic Freight retained Gligoric as an Independent Contractor to drive the load at issue. Magic Freight denies that Gligoric "diverted" the load at issue. By way of further answer, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. Magic Freight agreed to transport one load of metal as a double-blind shipment. Magic Freight admits that Gligoric delivered the load to Ontario, California, as directed in an exchange of emails between Magic Freight and the person(s) or

entity(ies) identifying themselves as, and as understood and believed by Magic Freight to be, Armstrong Transport. Magic Freight performed pursuant to the instructions received. Any remaining allegations of Paragraph 17 of the Third-Party Complaint are denied.

18.    The allegations of Paragraph 18 of the Third-Party Complaint are denied on the basis that the Complaint, as well as the Third-Party Complaint, being in writing, speak for themselves. Any remaining allegations of Paragraph 18 of the Third-Party Complaint are denied.

19.    Denied as stated. Magic Freight had no applicable agreement in place with either Plaintiff or Beemac with respect to the load at issue. Instead, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. Magic Freight admits being party to the Motor Carrier-Broker Agreement attached to the Third-Party Complaint as Exhibit 2; however, the load at issue was neither tendered to nor accepted by Magic Freight under the terms of that document. Any remaining allegations of Paragraph 19 of the Third-Party Complaint are denied.

20.    The allegations of Paragraph 20 of the Third-Party Complaint regarding what Access World has alleged are denied on the basis that the Complaint, as well as the Third-Party Complaint, being in writing, speak for themselves. Magic Freight lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "order and condition" of the load; accordingly, those allegations are denied. Any remaining allegations of Paragraph 20 of the Third-Party Complaint are denied.

21.    Denied as stated. Magic Freight had no applicable agreement in place with either Plaintiff or Beemac with respect to the load at issue. Instead, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. Further, the load at issue was neither tendered to nor accepted by Magic Freight under the terms of any such documents. By way of further answer, Magic Freight responded to a posting that it understood and believed to be by

Armstrong Transport. Magic Freight agreed to transport one load of metal as a double-blind shipment. Magic Freight delivered the load to Ontario, California, as directed in an exchange of emails between Magic Freight and the person(s) or entity(ies) identifying themselves as, and as understood and believed by Magic Freight to be, Armstrong Transport. Thus, Magic Freight performed pursuant to the instructions received. Any remaining allegations of Paragraph 21 of the Third-Party Complaint are denied.

22.     Denied. Magic Freight incorporates by reference its response to Paragraph 21 of the Third-Party Complaint. By way of further answer, Magic Freight denies that it breached any contract of carriage. Magic Freight further denies that it lost any cargo under its control. Magic Freight lacks knowledge or information sufficient to form a belief as to the damages, if any, suffered by Plaintiff or with regard to the claims Plaintiff may have asserted against Beemac. Any remaining allegations of Paragraph 22 of the Third-Party Complaint are denied.

**FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT**

23.     In response to Paragraph 23 of the Third-Party Complaint, Magic Freight hereby incorporates the preceding Paragraphs of the within Answer and its Affirmative Defenses as if set forth at length herein.

24.     Denied. Magic Freight had no applicable agreement in place with either Plaintiff or Beemac with respect to the load at issue. Instead, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. Further, the load at issue was neither tendered to nor accepted by Magic Freight under the terms of any such documents. By way of further answer, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. Magic Freight agreed to transport one load of metal as a double-blind shipment. Magic Freight delivered the load to to Ontario, California, as directed in an exchange of emails between Magic Freight and the person(s) or entity(ies) identifying themselves as, and as

understood and believed by Magic Freight to be, Armstrong Transport. Thus, Magic Freight performed pursuant to the instructions received. Any allegations regarding Magic Freights obligations under the circumstances presented  contain conclusions of law to which no responsive pleading is required.  Any remaining allegations of Paragraph 24 of the Third-Party Complaint are denied.

25.    Denied. Magic Freight incorporates by reference its response to Paragraph 24 of the Third-Party Complaint. By way of further answer, Magic Freight denies that lost any cargo under its control. Any remaining allegations of Paragraph 25 of the Third-Party Complaint are denied.

26.    Denied. Magic Freight incorporates by reference its response to Paragraph 24 of the Third-Party Complaint. By way of further answer, Magic Freight had no applicable agreement in place with either Plaintiff or Beemac with respect to the load at issue. Instead, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. The load at issue was neither tendered to nor accepted by Magic Freight under the terms of any agreement with Beemac. The existence and/or nature of any duties imposed on Magic Freight are questions of law to which no responsive pleading is required. Any remaining allegations of Paragraph 26 of the Third-Party Complaint are denied.

27.    Denied. Magic Freight incorporates by reference its response to Paragraph 24 of the Third-Party Complaint. By way of further answer, Magic Freight had no applicable agreement in place with either Plaintiff or Beemac with respect to the load at issue. Instead, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. The load at issue was neither tendered to nor accepted by Magic Freight under the terms of any agreement with Beemac. The existence and/or nature of any duties imposed on Magic Freight are questions

of law to which no responsive pleading is required. It is admitted that Magic Freight retained Gligoric as an Independent Contractor to drive the load at issue. Any remaining allegations of Paragraph 27 of the Third-Party Complaint are denied.

28.    Denied. Magic Freight incorporates by reference its response to Paragraph 24 of the Third-Party Complaint. By way of further answer, Magic Freight denies that it lost any cargo under its control. Upon information and belief, Magic Freight admits that the load at issue was brokered by Plaintiff to Beemac. Any remaining allegations of Paragraph 28 of the Third-Party Complaint are denied.

29.    Denied. The allegations of Paragraph 29 of the Third-Party Complaint regarding a Broker/Carrier Agreement are denied on the basis that the document, being in writing, speaks for itself. The allegations of Paragraph 29 of the Third-Party Complaint are further denied on the basis that the document attached to the Third-Party Complaint as Exhibit 2 purports to be dated April 23, 2021, not April 23, 2019. Further still, Magic Freight had no applicable agreement in place with either Plaintiff or Beemac with respect to the load at issue. Instead, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. The load at issue was neither tendered to nor accepted by Magic Freight under the terms of that document. Any remaining allegations of Paragraph 29 of the Third-Party Complaint are denied.

30.    Denied. The allegations of Paragraph 30 of the Third-Party Complaint regarding a Broker/Carrier Agreement are denied on the basis that the document, being in writing, speaks for itself.  By way of further answer, Magic Freight incorporates its response to Paragraph 29 of the Third-Party Complaint.

31.    Denied. Magic Freight incorporates by reference its response to Paragraph 29 of the Third-Party Complaint. By way of further answer, Magic Freight denies that it breached any

contract with Beemac or that any act or omission of Magic Freight, if any, constituted a direct or proximate cause of any "chain of events" that resulted in any damages caused or alleged to have been caused to Plaintiff.

32.    The allegations of Paragraph 32 of the Third-Party Complaint contain conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Magic Freight denies that any loss suffered by Plaintiff is the obligation of Magic Freight, generally, or for any of the reasons listed.

33.    The allegations of Paragraph 33 of the Third-Party Complaint are against Plaintiff; accordingly, no responsive pleading is required. To the extent said allegations might be understood to be as against Magic Freight, Magic Freight had no applicable agreement in place with either Plaintiff or Beemac with respect to the load at issue.

WHEREFORE, Magic Freight demands that the Defendant's Third-Party Complaint be dismissed and that judgment be entered in favor of this Defendant, together with attorney fees, costs, and such other relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF: CARMACK AMENDMENT - 49 U.S.C. §14706**

34.    In response to Paragraph 34 of the Third-Party Complaint, Magic Freight hereby incorporates the preceding Paragraphs of the within Answer and its Affirmative Defenses as if set forth at length herein.

35.    Denied. Whether the circumstances of this case impose liability on Magic Freight under, or constitute a "violation" of, the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706, is a conclusion of law to which no responsive pleading is required. Further, Magic Freight denies that it lost any cargo under its control. Any remaining allegations of Paragraph 35 of the Third-Party Complaint are denied.

36.     Denied. Magic Freight denies that it "failed to transport" the load at issue. To the contrary, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. Magic Freight agreed to transport one load of metal as a double-blind shipment. Magic Freight delivered the load to to Ontario, California, as directed in an exchange of emails between Magic Freight and the person(s) or entity(ies) identifying themselves as, and as understood and believed by Magic Freight to be, Armstrong Transport. Thus, Magic Freight performed pursuant to the instructions received.

37.     Denied. Whether the circumstances of this case impose strict liability on Magic Freight under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 11706, is a conclusion of law to which no responsive pleading is required. Further, the damages available under the Carmack Amendment are a question of law to which no responsive pleading is required. Any remaining allegations of Paragraph 37 of the Third-Party Complaint are denied.

38.     Magic Freight admits that the driver of the load at issue, Gligoric, was an Independent Contractor. Whether the circumstances of this case impose liability on Magic Freight is a question of law to which no responsive pleading is required. To the extent a further answer is deemed to be required, Magic Freight denies that its conduct and actions make it liable to Plaintiff for the damages alleged. Further, the damages available under applicable law, if any, is a question of law to which no responsive pleading is required. Any remaining allegations of Paragraph 38 of the Third-Party Complaint are denied.

WHEREFORE, Magic Freight demands that the Defendant's Third-Party Complaint be dismissed and that judgment be entered in favor of this Defendant, together with attorney fees, costs, and such other relief as the Court deems appropriate.

### THIRD CLAIM FOR RELIEF: NEGLIGENCE

39.    In response to Paragraph 39 of the Third-Party Complaint, Magic Freight hereby incorporates the preceding Paragraphs of the within Answer and its Affirmative Defenses as if set forth at length herein.

40.    Denied as stated. Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport. Magic Freight agreed to transport one load of metal as a double-blind shipment. Magic Freight delivered the load to to Ontario, California, as directed in an exchange of emails between Magic Freight and the person(s) or entity(ies) identifying themselves as, and as understood and believed by Magic Freight to be, Armstrong Transport. Thus, Magic Freight performed pursuant to the instructions received. Any allegations regarding Magic Freights obligations under the circumstances presented  contain conclusions of law to which no responsive pleading is required.  Any remaining allegations of Paragraph 40 of the Third-Party Complaint are denied.

41.    Denied as stated. Magic Freight incorporates by reference its response to Paragraph 40 of the Third-Party Complaint. Magic Freight denies that it was negligent in any regard, including those alleged in Paragraph 41 of Beemac's Third-Party Complaint.  Magic Freight denies that it failed to insure the load at issue or that any failure to insure the load at issue caused the loss at issue. Magic Freight lacks knowledge or information sufficient to form a belief as to the damages, if any, suffered by Plaintiff or with regard to the claims Plaintiff may have asserted against Beemac. Magic Freight lacks knowledge or information sufficient to form a belief as to the damages, if any, suffered by Beemac. Any remaining allegations of Paragraph 41 of the Third-Party Complaint are denied.

42.    Magic Freight denies the allegations in Paragraph 42 of Beemac's Third-Party Complaint, as well as each of its subparts, as conclusions of law to which no responsive pleading

is required. By way of further answer, Magic Freight denies any allegation that Magic Freight had any duty to Beemac or Plaintiff beyond those imposed by law or any agreement with the party it reasonably believed to be Armstrong Transport. Further, Magic Freight denies that it failed to exercise due care, generally, or with regard to its selection of drivers, in the handling of the cargo, or with regard to adherence to relevant legal and regulatory standards in the transportation process.

    a. Magic Freight denies that it owed a duty to Beemac or Beemac Logistics, LLC, to utilize specific drivers with particularized knowledge of Federal Law and/or Regulations beyond the qualifications generally required for interstate transport. Magic Freight alleges further that it provided a qualified, licensed driver for the shipment and adhered to all standard hiring and operational protocols, as did that driver. Magic Freight denies any liability based on Beemac's assertion of any heightened duty beyond what is legally required for cargo carriers.

    b. Magic Freight denies that it breached any duty or failed to recognize the possibility of fraud by third-party impostors. Magic Freight asserts that it acted reasonably in accepting and executing instructions from entities it reasonably believed to be legitimate representatives of Armstrong Transport, and it denies that it had any specific duty to investigate potential impostors without reasonable suspicion or indication of fraud. Magic Freight denies that there was any significant indication of fraud warranting any suspicion of potential imposters with regard to this matter.

    c. Magic Freight's obligations to secure insurance coverage, if any, are conclusions of law to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Magic Freight denies that it had any obligation to secure insurance coverage that would address the losses alleged by Beemac to have occurred in this instance.

    43. Magic Freight denies that it was careless and/or negligent in any regard, including those alleged in Paragraph 43 of Beemac's Third-Party Complaint, under the circumstances. Magic Freight further denies that any of Magic Freight's conduct constituted a direct and/or proximate cause of any damages to Plaintiff. Magic Freight lacks knowledge or information sufficient to form a belief as to the damages, if any, suffered by Plaintiff or with regard to the claims Plaintiff may have asserted against Beemac.

WHEREFORE, Magic Freight demands that Beemac's Third-Party Complaint be dismissed and that judgment be entered in favor of Magic Freight, together with attorney fees, costs, and such other relief as the Court deems appropriate.

### FOURTH CLAIM FOR RELIEF: BAILMENT

44.    In response to Paragraph 44 of the Third-Party Complaint, Magic Freight hereby incorporates the preceding Paragraphs of the within Answer and its Affirmative Defenses as if set forth at length herein.

45.    The allegations of Paragraph 45 of the Third-Party Complaint regarding the creation of a bailment  contain conclusions of law to which no responsive pleading is required.  To the extent Paragraph 45 is deemed to assert that Plaintiff or Beemac tendered the load to Magic Freight, said allegation is denied. To the contrary, Magic Freight agreed with what Magic Freight understood and believed to be Armstrong Transport to deliver one load of metal as a double-blind shipment, and Magic Freight performed pursuant to the instructions received. Any remaining allegations of Paragraph 45 of the Third-Party Complaint are denied.

46.    Denied. Magic Freight denies that it lost any cargo under its control. To the contrary, Magic Freight responded to a posting that it understood and believed to be by Armstrong Transport ("Armstrong Transport"). Magic Freight agreed to transport one load of metal as a double-blind shipment. Magic Freight was later provided an address for pick-up of the load in New Orleans, LA, and for drop-off of the load in Ontario, California. Magic Freight performed pursuant to the instructions received. Magic Freight denies that any part of any loss by Plaintiff is therefore payable by Magic Freight. Magic Freight lacks knowledge or information sufficient to form a belief as to the damages, if any, suffered by Plaintiff or with regard to the claims Plaintiff may have asserted against Beemac.

47.     Denied. The allegations of Paragraph 47 of the Third-Party Complaint regarding the creation or existence of a bailment contain conclusions of law to which no responsive pleading is required. Magic Freight incorporates by reference its response to Paragraph 46 of the Third-Party Complaint. Whether Magic Freight's conduct under the circumstances would establish a breach of a bailment constitutes a question of law to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Magic Freight denies that it breached any bailment obligations. Further, as Magic Freight delivered the load in the manner instructed, Magic Freight has no continuing obligation to be able to produce such load upon demand. Any remaining allegations of Paragraph 47 of the Third-Party Complaint are denied.

WHEREFORE, Magic Freight demands that Beemac's Third-Party Complaint be dismissed and that judgment be entered in favor of Magic Freight, together with attorney fees, costs, and such other relief as the Court deems appropriate.

### FIFTH CLAIM FOR RELIEF: CONVERSION

48.     In response to Paragraph 48 of the Third-Party Complaint, Magic Freight hereby incorporates the preceding Paragraphs of the within Answer and its Affirmative Defenses as if set forth at length herein.

49.     Magic Freight lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the "order and condition" of the load; accordingly, those allegations are denied. Magic Freight denies that it accepted possession, custody or control of the subject load from Plaintiff or Beemac. Magic Freight admits that it accepted possession, custody and control of the subject cargo from person(s) or entity(ies) believed and understood to be Armstrong Transport, and Magic Freight performed pursuant to the instructions received. Any remaining allegations of Paragraph 49 of the Third-Party Complaint are denied.

50.     Magic Freight incorporates by reference its response to Paragraph 49 of the Third-Party Complaint.

51.     The allegations of Paragraph 51 of the Third-Party Complaint regarding a failure to deliver or mis-delivery of cargo pursuant to contracts of carriers constitutes a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Magic Freight agreed to transport one load of metal as a double-blind shipment. Magic Freight was later provided an address for pick-up of the load in New Orleans, LA, and for drop-off of the load in Ontario, California. Magic Freight performed pursuant to the instructions received, and there was no failure to deliver or mis-delivery.

52.     To the extent Paragraph 52 is deemed to assert that Magic Freight converted the load at issue, said allegation is denied. To the contrary, Magic Freight agreed with what Magic Freight understood and believed to be Armstrong Transport to deliver one load of metal as a double-blind shipment, and Magic Freight performed pursuant to the instructions received. Magic Freight further denies that any damages were caused by and through conversion by Magic Freight. Magic Freight lacks knowledge or information sufficient to form a belief as to the damages, if any, suffered by Plaintiff. Any remaining allegations of Paragraph 52 of the Third-Party Complaint are denied.

53-59.  The Third-Party Complaint includes no paragraphs 53-59.

WHEREFORE, Magic Freight demands that Beemac's Third-Party Complaint be dismissed and that judgment be entered in favor of Magic Freight, together with attorney fees, costs, and such other relief as the Court deems appropriate.

**SIXTH CLAIM FOR RELIEF: INDEMNITY AND CONTRIBUTION**

60.    In response to Paragraph 60 of the Third-Party Complaint, Magic Freight hereby incorporates the preceding Paragraphs of the within Answer and its Affirmative Defenses as if set forth at length herein..

61.    The allegations of Paragraph 61 of the Third-Party Complaint regarding Magic Freight's legal obligations of defense and indemnity contain conclusions of law to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, said allegations are denied.

62.    Magic Freight denies that Beemac is entitled to indemnity and/or contribution from Magic Freight under the circumstances of this case.

WHEREFORE, Magic Freight demands that Beemac's Third-Party Complaint be dismissed and that judgment be entered in favor of Magic Freight, together with attorney fees, costs, and such other relief as the Court deems appropriate.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

63.    Each and every allegation of Beemac's Third-Party Complaint not specifically admitted, modified or otherwise explained above is denied.

**SECOND AFFIRMATIVE DEFENSE**

64.    Beemac failed to state a cause of action against Magic Freight upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

65.    Plaintiff's damages, if any, were the result of intervening and/or supervening actions and omissions on the part of third parties.

66.    Beemac's damages, if any, were the result of intervening and/or supervening actions and omissions on the part of third parties.

## FOURTH AFFIRMATIVE DEFENSE

67.     Beemac's claims may be barred or limited by its failure to assert claims against indispensable parties.

## FIFTH AFFIRMATIVE DEFENSE

68.     Plaintiff suffered no compensable injuries, damages, or losses for which Magic Freight is or can be liable.

69.     Beemac suffered no compensable injuries, damages, or losses for which Magic Freight is or can be liable.

## SIXTH AFFIRMATIVE DEFENSE

70.     Magic Freight owed no duty to Plaintiff.

71.     Magic Freight owed no duty to Beemac.

## SEVENTH AFFIRMATIVE DEFENSE

72.     Magic Freight breached no duty owed Plaintiff.

73.     Magic Freight breached no duty owed Beemac.

## EIGHTH AFFIRMATIVE DEFENSE

74.     If Plaintiff is entitled to damages, such entitlement being specifically denied, such damages are the responsibility of parties other than Magic Freight, as the incident in question and Plaintiff's alleged damages and/or losses were not caused by and/or did not result from any conduct on the part of Magic Freight, but were instead caused by persons and/or entities over whom Magic Freight exercised no right of control.

75.     If Beemac is entitled to damages, such entitlement being specifically denied, such damages are the responsibility of parties other than Magic Freight, as the incident in question and Plaintiff's alleged damages and/or losses were not caused by and/or did not result from any conduct on the part of Magic Freight.

### NINTH AFFIRMATIVE DEFENSE

76.    Plaintiff alleges damages that resulted wholly or in part from the negligence, carelessness, or recklessness of other individuals and/or entities over whom Magic Freight exercised no control or right of control.

77.    Beemac alleges damages that resulted wholly or in part from the negligence, carelessness, or recklessness of other individuals and/or entities over whom Magic Freight exercised no control or duty of control.

78.    Plaintiff alleges damages that resulted wholly or in part from the intentional theft by other individuals and/or entities over whom Magic Freight exercised no control or duty of control.

79.    Beemac alleges damages that resulted wholly or in part from the negligence, carelessness, or recklessness of other individuals and/or entities over whom Magic Freight exercised no control or duty of control.

### TENTH AFFIRMATIVE DEFENSE

80.    Plaintiff's claims may be barred and/or limited by a failure to mitigate damages.

81.    Beemac's claims may be barred and/or limited by a failure to mitigate damages.

### ELEVENTH AFFIRMATIVE DEFENSE

82.    Plaintiff's claims are preempted, in whole or in part, by the 49 U.S.C. § 14706 ("Carmack Amendment").

83.    Beemac's claims are preempted, in whole or in part, by the 49 U.S.C. § 14706 ("Carmack Amendment").

### TWELFTH AFFIRMATIVE DEFENSE

84.    Plaintiff's claims may be preempted, in whole or in part, by the Federal Aviation Administration Authorization Act.

85.     Beemac's claims may be preempted, in whole or in part, by the Federal Aviation Administration Authorization Act.

### THIRTEENTH AFFIRMATIVE DEFENSE

86.     Plaintiff's claims may be barred or limited due to third-party interference by persons and/or entities masquerading as Armstrong Transport Group, LLC, who provided false and/or counterfeit instructions for delivery of the load at issue.

87.     Beemac's claims may be barred or limited due to third-party interference by persons and/or entities masquerading as Armstrong Transport Group, LLC, who provided false and/or counterfeit instructions for delivery of the load at issue.

### FOURTEENTH AFFIRMATIVE DEFENSE

88.     Plaintiff's claims may be barred or limited by any applicable force majeure clause of any applicable agreement.

### FIFTEENTH AFFIRMATIVE DEFENSE

89.     Plaintiff's claims may be barred or limited by the acts or omissions of Armstrong Transport Group, LLC, including but not limited to, failing to maintain the confidentiality of its own credentials, thus allowing third parties to masquerade on the DAT Load Board as Armstrong Transport Group, LLC, and create false listings and/or insert themselves into otherwise legitimate listings in order to commandeer and steal shipments from others, such as Magic Freight.

90.     Beemac's claims may be barred or limited by the acts or omissions of Armstrong Transport Group, LLC, including but not limited to, failing to maintain the confidentiality of its own credentials, thus allowing third parties to masquerade on the DAT Load Board as Armstrong Transport Group, LLC, and create false listings and/or insert themselves into otherwise legitimate listings in order to commandeer and steal shipments from others, such as Magic Freight.

## SIXTEENTH AFFIRMATIVE DEFENSE

91.     Plaintiff's claims may be barred or limited by the acts or omissions of Armstrong Transport Group, LLC, including but not limited to, failing to contact persons and entities foreseeably at risk of the illegitimate use of Armstrong Transport Group, LLC's credentials.

92.     Beemac's claims may be barred or limited by the acts or omissions of Armstrong Transport Group, LLC, including but not limited to, failing to contact persons and entities foreseeably at risk of the illegitimate use of Armstrong Transport Group, LLC's credentials.

## SEVENTEENTH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims may be barred or limited by the acts or omissions of Beemac, including but not limited to reassigning the shipment to Armstrong Transport Group, LLC, as a subsequent broker, in violation of its own agreement terms with Plaintiff.

94.     Beemac's claims may be barred or limited by the acts or omissions of Beemac, including but not limited to reassigning the shipment to Armstrong Transport Group, LLC, as a subsequent broker, in violation of its own agreement terms with Plaintiff.

## EIGHTEENTH AFFIRMATIVE DEFENSE

95.     Plaintiff's claims may be barred or limited by the acts or omissions of Beemac, including but not limited to reassigning the shipment to Armstrong Transport Group, LLC, in violation of its own agreement terms with Plaintiff, when, upon information and belief, Beemac knew or should have known of Armstrong Transport Group, LLC's failure to maintain the confidentiality of its own credentials, thus allowing third parties to masquerade on the DAT Load Board as Armstrong Transport Group, LLC, and create false listings and/or insert themselves into otherwise legitimate listings in order to commandeer and steal shipments from others, such as Magic Freight.

96.     Beemac's claims may be barred or limited by the acts or omissions of Beemac, including but not limited to reassigning the shipment to Armstrong Transport Group, LLC, in violation of its own agreement terms with Plaintiff, when, upon information and belief, Beemac knew or should have known of Armstrong Transport Group, LLC's failure to maintain the confidentiality of its own credentials, thus allowing third parties to masquerade on the DAT Load Board as Armstrong Transport Group, LLC, and create false listings and/or insert themselves into otherwise legitimate listings in order to commandeer and steal shipments from others, such as Magic Freight.

## NINETEENTH AFFIRMATIVE DEFENSE

97.     Plaintiff's claims may be barred or limited by the acts or omissions of Beemac, including but not limited to reassigning the shipment to Armstrong Transport Group, LLC, in violation of its own agreement terms with Plaintiff, when, upon information and belief, Beemac knew or should have known of Armstrong Transport Group, LLC's failure to contact persons and entities foreseeably at risk of the illegitimate use of Armstrong Transport Group, LLC's credentials, such as Magic Freight.

98.     Beemac's claims may be barred or limited by the acts or omissions of Beemac, including but not limited to reassigning the shipment to Armstrong Transport Group, LLC, in violation of its own agreement terms with Plaintiff, when, upon information and belief, Beemac knew or should have known of Armstrong Transport Group, LLC's failure to contact persons and entities foreseeably at risk of the illegitimate use of Armstrong Transport Group, LLC's credentials, such as Magic Freight.

## TWENTIETH AFFIRMATIVE DEFENSE

99.     Plaintiff's claims may be barred or limited by the acts or omissions of Beemac, including but not limited to failure to advise subsequently assigned brokers and motor carriers of

Armstrong Transport Group, LLC's failure maintain confidentiality of its own credentials and subsequent failure to contact persons and entities foreseeably at risk of the illegitimate use of Armstrong Transport Group, LLC's credentials, such as Magic Freight.

100.    Beemac's claims may be barred or limited by the acts or omissions of Beemac, including but not limited to failure to advise subsequently assigned brokers and motor carriers of Armstrong Transport Group, LLC's failure maintain confidentiality of its own credentials and subsequent failure to contact persons and entities foreseeably at risk of the illegitimate use of Armstrong Transport Group, LLC's credentials, such as Magic Freight.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

101.    Beemac's claims may be barred or limited because Plaintiff's claims may be barred or limited because Plaintiff lacks any contractual relationship with Magic Freight applicable to the load at issue.

102.    Beemac's claims may be barred or limited because Plaintiff's claims may be barred or limited because Plaintiff lacks any contractual relationship with Beemac applicable to the load at issue.

103.    Beemac's claims may be barred or limited because Plaintiff's claims may be barred or limited because Plaintiff lacks any contractual relationship with Beemac Logistics, LLC, applicable to the load at issue.

104.    Plaintiff's claims may be barred or limited because Plaintiff lacks any contractual relationship with Magic Freight applicable to the load at issue.

105.    Plaintiff's claims may be barred or limited because Plaintiff lacks any contractual relationship with Beemac applicable to the load at issue.

106.    Plaintiff's claims may be barred or limited because Plaintiff lacks any contractual relationship with Beemac Logistics, LLC, applicable to the load at issue.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

107.    Plaintiff's claims may be barred or limited by the breach on the part of Beemac, Inc., and/or Beemac Logistics, LLC, of its contractual obligation not to reassign the shipment to another broker.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

108.    Plaintiff's claims may be barred or limited by the acceptance of a Certificate of Insurance from Magic Freight, or to the extent that any of Magic Freight's coverage limitations or exclusions were known or should have been known by Beemac in the normal course of business dealings.

109.    Beemac's claims may be barred or limited by the acceptance of a Certificate of Insurance from Magic Freight, or to the extent that any of Magic Freight's coverage limitations or exclusions were known or should have been known by Beemac in the normal course of business dealings.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

110.    Plaintiff's claims may be barred or limited by the failure of the posting on the DAT Board to adequately and/or correctly identify the value of the load at issue.

111.    Beemac's claims may be barred or limited by the failure of the posting on the DAT Board to adequately and/or correctly identify the value of the load at issue.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

112.    Plaintiff's claims are barred or limited by its lack of standing to bring certain claims.

113.    Beemac's claims are barred or limited by its lack of standing to bring certain claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

114.    Plaintiff's claims are barred or limited because its claims are not appropriate for declaratory relief.

115.    Beemac's claims are barred or limited because its claims are not appropriate for declaratory relief.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

116.    Plaintiff's claims are barred or limited by any contractual obligation to comply with direct communications received while en-route.

117.    Beemac's claims are barred or limited by any contractual obligation to comply with direct communications received while en-route.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

118.    Plaintiff's claims are barred or limited by industry practice of complying with direct communications received while en-route.

119.    Beemac's claims are barred or limited by industry practice of complying with direct communications received while en-route.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

120.    Plaintiff's claims may be barred or limited by any and all terms of any agreement applicable to this load.

121.    Beemac's claims may be barred or limited by any and all terms of any agreement applicable to this load.

## THIRTIETH AFFIRMATIVE DEFENSE

122.    Plaintiff's losses, if any, were the result of circumstances and instances beyond Magic Freight's control.

123.    Beemac's losses, if any, were the result of circumstances and instances beyond Magic Freight's control.

124.    Beemac's claims may be barred or limited by any applicable force majeure clause of any applicable agreement.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

125.    Plaintiff's claims may be barred or limited to the extent that any claim is directly and/or proximately caused by the negligence or other wrongful conduct of any party to be defended, indemnified or held harmless.

126.    Beemac's claims may be barred or limited to the extent that any claim is directly and/or proximately caused by the negligence or other wrongful conduct of any party to be defended, indemnified or held harmless.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

127.    Plaintiff's claims may be barred or limited to "actual damages," as that term is intended and understood within the context of 49 U.S.C. § 14706 ("Carmack Amendment").

128.    Beemac's claims may be barred or limited to "actual damages," as that term is intended and understood within the context of 49 U.S.C. § 14706 ("Carmack Amendment").

### THIRTY-THIRD AFFIRMATIVE DEFENSE

129.    Plaintiff's claims may be barred or limited because any conversion of the load at issue was not converted by Magic Freight or for Magic Freight's own benefit.

130.    Beemac's claims may be barred or limited because any conversion of the load at issue was not converted by Magic Freight or for Magic Freight's own benefit.

WHEREFORE, Magic Freight demands that Beemac's Third-Party Complaint be dismissed and that judgment be entered in favor of Magic Freight, together with attorney fees, costs, and such other relief as the Court deems appropriate.

## COUNTERCLAIM PURSUANT TO F.R.C.P. 13
### DIRECTED TO BEEMAC, INC.

By way of further answer, Third Party Defendant Magic Freight avers the following Counterclaim:

131.    To the extent Defendant Beemac, Inc., alleges, or it is determined, that Defendant Beemac, Inc., retained Magic Freight directly or indirectly to transport the property at issue, then and in that event Magic Freight asserts the instant counterclaim against Defendant Beemac, Inc., for all amounts to which Magic Freight was or is entitled for agreeing to accept and transport the shipment at issue, which amounts have never been paid.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

132.    Plaintiff's claims may be barred or limited because its claims are not ripe.

133.    Beemac's claims may be barred or limited because its claims are not ripe.

WHEREFORE, Magic Freight demands judgment for all amounts to which Magic Freight was or is entitled for agreeing to accept and transport the shipment at issue, which amounts have never been paid.

**DELL, MOSER, LANE & LOUGHNEY, LLC**

_____
Bryan J. Smith, Esquire
PA I.D. No. 63223

Suite 1500 Two Chatham Center
112 Washington Place
Pittsburgh, PA 15219

Telephone: 412-471-1180
Facsimile: 412-471-9012
Email: bjs@dellmoser.com

_Attorneys for Third-Party Defendant Magic Freight, Inc._

# Exhibit 1
## Bill of Lading dated May 22, 2023

Date: 05/22/2023    **BILL OF LADING**    Page 1 of __1__

| SHIP FROM | |
|---|---|
| Name: | |
| Address: 6040 BEVEN ST | |
| City/State/Zip: Elmwood, LA 70123 | |
| SID#: | FOB: ☐ |

| Bill of Lading Number: __996814452__ |
|---|
| BAR CODE SPACE |

| SHIP TO | |
|---|---|
| Name: | Location #: _____ |
| Address: 2060 Wineville Ave | |
| City/State/Zip: Ontario, CA 91761 | |
| CID#: | FOB: ☐ |

CARRIER NAME: ___MAGIC FREIGHT Inc.___
Trailer number: 415274
Seal number(s): 122636
SCAC:
Pro number:

| THIRD PARTY FREIGHT CHARGES BILL TO |
|---|
| Name: |
| Address: 13410 SUTTON PARK DRIVE SOUTH |
| City/State/Zip: JACKSONVILLE, FL  322243 |
| SPECIAL INSTRUCTIONS: |

**Freight Charge Terms:** *(freight charges are prepaid unless marked otherwise)*
Prepaid _____    Collect _____    3ʳᵈ Party __X__
☐  Master Bill of Lading: with attached underlying
(check box)    Bills of Lading

### CUSTOMER ORDER INFORMATION

| CUSTOMER ORDER NUMBER | # PKGS | WEIGHT | PALLET/SLIP (CIRCLE ONE) | | ADDITIONAL SHIPPER INFO |
|---|---|---|---|---|---|
| 25126456345645 | | 41.334 LBS | Y | N | 853431877 |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| | | | Y | N | |
| **GRAND TOTAL** | | 41.334 LBS | | | |

### CARRIER INFORMATION

| HANDLING UNIT | | PACKAGE | | WEIGHT | H.M. (X) | COMMODITY DESCRIPTION Commodities requiring special or additional care or attention in handling or stowing must be so marked and packaged as to ensure safe transportation with ordinary care. See Section 2(e) of NMFC Item 360 | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | | | | NMFC # | CLASS |
| 6 | | | | 41.334 LBS | | Copper wire | . | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| **6** | | | | 41.334 LBS | | **GRAND TOTAL** | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding
_____ per _____

COD Amount: $ _____
Fee Terms:    Collect: ☐    Prepaid: ☐
Customer check acceptable: ☐

**NOTE Liability Limitation for loss or damage in this shipment may be applicable. See 49 U.S.C. ▪ 14706(c)(1)(A) and (B).**

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request, and to all applicable state and federal regulations.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ Shipper Signature

**SHIPPER SIGNATURE / DATE**
This is to certify that the above named materials are properly classified, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the DOT.

**Trailer Loaded:**
☒ By Shipper
☐ By Driver

**Freight Counted:**
☒ By Shipper
☐ By Driver/pallets said to contain
☐ By Driver/Pieces

**CARRIER SIGNATURE / PICKUP DATE**
Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the DOT emergency response guidebook or equivalent documentation in the vehicle. Property described above is received in good order, except as noted.

Liazhou    5/24/2023

| 05/22/2023 | **Port Cargo Service** | 0800 1300 | • | Metal | 40000.00lbs | PO# 050-002678-04 |
| Pickup | 6040 BEVEN ST | | | | | |
| | ELMWOOD LA 70123 | | | | | |

**Instructions:** MUST CALL WHEN LOADED TO VERIFY PO# AND CASE COUNT, TEMPERATURE AND SEAL#.

| 05/24/2023 | **2060 S Wineville Ave** | 0900 1100 | • | Metal | 40000.0lbs | |
| Dropoff | **Ontario, CA 91761** | | | | | |

**Instructions:** Please notify broker when empty and report any damages.

---

**Please Sign and Email to Christian Forbus (cforbus@armstronggroupllc.com)**

_[signature]_                                         786-440 - 9182
Carrier Signature                                    Driver Phone #

Magic freight inc                                    Paul Smith
Carrier Name                                         Agent Name

---

All rates referenced here amend Armstrong Transport Group, LLC's (hereinafter "Armstrong") Carrier Agreement. Armstrong is a freight broker (MC No.: 555609), as defined by 49 CFR § 371.2, and is not a motor carrier. All freight moved for Armstrong and its customers is time sensitive. Unless stated otherwise, all loads are to be hauled using a dedicated trailer. Loads must be delivered on the delivery dates and times referenced herein. Loads that do not meet the set date, time, or exclusivity criteria, will be subject to any and all applicable fines, unless waived in writing and acknowledged by an Armstrong agent. Any and all relevant exclusions on a carrier's cargo insurance policy must be disclosed. Cargo claims that result in a denial of coverage by the carrier's cargo insurance policy are the exclusive responsibility of the carrier. Carriers shall, at their own cost and expense, procure and maintain all such licenses and permits required to haul the freight referenced herein. UNAUTHORIZED REBROKERING IS PROHIBITED AND WILL CONSTITUTE FORFEITURE OF LINE HAUL TO THE HAULING CARRIER. CARRIERS THAT VIOLATE MAP 21, AS DEFINED 49 CFR 371.2, ARE SUBJECT TO FINES, WILL BE REPORTED AND SHALL BE DEACTIVATED IN ARMSTRONG'S SYSTEM IMMEDIATELY.

PLEASE NOTE: DOUBLE BROKERING IS PROHIBITED AND WILL CONSTITUTE FORFEITURE OF PAYMENT.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of December, 2024, a true and correct copy of the foregoing Answer, Affirmative Defenses and Counterclaim was served on all counsel below through the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

Christopher J. DiCicco, Esquire
Darren M. Newberry, Esquire
Marshall Dennehey Warner Coleman & Goggin
P. O. Box 5429
Suite 200
15000 Midlantic Drive
Mount Laurel, NJ  08054
**Email** - cjdicicco@mdwcg.com
**Email** – dmnewberry@mdwcg.com
*Counsel for Plaintiff Access World (USA), LLC*

Matthew R. Barnes, Esquire
Mark Gordon, Esquire
Pietragallo Gordon Alfano Bosick & Raspanti, LLP
38th Floor – One Oxford Centre
Pittsburgh, PA 15219
**Email** - MRB@Pietragallo.com
**Email** – MG@Pietragallo.com
*Counsel for Defendant, Beemac, Inc.*

_____
Bryan J. Smith, Esquire